JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| In re: LENORE L. ALBERT-SHERIDAN, | Case № 8:21-cv-01404-ODW |
| Debtor. | Bankruptcy Case № 8:18-bk-10548-ES |
| | Adversary Case № 8:21-ap-1024-SC |
| LENORE L. ALBERT-SHERIDAN, | |
| Plaintiff-Appellant, | **MEMORANDUM OPINION** |
| v. | |
| PHILIP WILTON GREEN et al., | |
| Defendants-Appellees. | |

## I.   INTRODUCTION

Appellant Lenore Luann Albert-Sheridan is the debtor in a bankruptcy proceeding and the Plaintiff in a related adversary proceeding before the United States Bankruptcy Court, Central District of California. Upon motion of Defendants/Appellees Philip Wilton Green; 10675 Orange Park Blvd., LLC ("Orange Park LLC"); Gary A. Schneider; and Francis B. Lantieri brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) in the adversary proceeding, the court dismissed Albert-Sheridan's complaint. (Notice of Appeal, ECF No. 1.) Albert-Sheridan contends that the court erred in dismissing her complaint with prejudice and

seeks this Court's review.  (Appellant's Opening Br. ("Br.") 1, ECF No. 7.)  As discussed below, Albert-Sheridan fails to state a claim, and the failure is not curable by amendment. The Court accordingly **AFFIRMS** the judgment of dismissal.

## II.   BACKGROUND

### A.   Unlawful Detainer Action, Discovery Sanctions, and Disciplinary Action

Green is an attorney who, in 2012, represented Orange Park LLC, Schneider, and Lantieri (the "Client Defendants") in initiating unlawful detainer proceedings in a case captioned *10675 S. Orange Park Blvd., LLC v. Norman Koshak et al.*, Case No. 30-2012-00568954-CL-UD-CJC in the Superior Court of Orange County.  The defendants in that action were foreclosed homeowners Norman and Helen Koshak, for whom Albert-Sheridan provided legal representation. As part of the proceedings, the Orange County Superior Court imposed discovery sanctions on Albert-Sheridan jointly and severally with the Koshaks in the amount of $5,738. (Excerpts of R. ("ER") Tab No. 9 (Order Granting Motion to Dismiss in Adversary Proceeding ("Adv. Order")) 2, ECF No. 7-1 (citing Complaint in adversary proceeding).)  Herein, the Court refers to the Superior Court order that imposed sanctions on Albert-Sheridan as the "Judgment."

On December 18, 2015, Green recorded an Abstract of Judgment in the Orange County Recorder's Office in the amount of $5,738, in favor of the Client Defendants and against Albert-Sheridan.  (*Id.*)  From that time to the time she filed her Adversary Complaint, Albert-Sheridan did not own any real property in Orange County.  (ER Tab No. 2 ("Adversary Compl.") ¶ 18, ECF No. 7-1.)

On December 13, 2017, the California Supreme Court suspended Albert-Sheridan's license to practice law and placed her on a probation which would lift after, among other things, Albert-Sheridan paid Orange Park LLC the above-mentioned $5,738 plus 10% interest.  (*Id.* ¶ 20; Br. 3.)

**B.      Bankruptcy Proceedings**

On February 20, 2018, Albert-Sheridan filed for bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code.  (Adversary Compl. ¶ 21.)  She listed Green and Orange Park LLC as creditors and provided them with notice of the bankruptcy proceedings.  (*Id.* ¶ 22.)  On June 26, 2018, the bankruptcy court converted Albert-Sheridan's bankruptcy to a Chapter 7 proceeding.[1]  (*Id.* ¶ 25.)

On October 26, 2018, Green, on behalf of the Client Defendants, prepared and filed a Proof of Claim in the bankruptcy proceedings, asserting an unsecured claim to the bankruptcy estate based on the $5,738 sanctions award.  (*Id.*)  The claim was in the amount of $8,929.27, excluding interest.  (*Id.*)

On February 26, 2019, Albert-Sheridan received a discharge from the bankruptcy court.  (*Id.* ¶ 28.)

**C.      Adversary Proceedings**

Sometime thereafter, on June 10, 2020, the Ninth Circuit Court of Appeals in *In re Albert-Sheridan*, 960 F.3d 1188 (2020), found that the sanctions Albert-Sheridan owed to Green and his clients were dischargeable under 11 U.S.C. § 727(b), noting that, "[a]lthough the California Supreme Court conditioned Albert's reinstatement on payment of the sanctions in its order of discipline, Albert's debt compensates a private party for the costs of litigating civil discovery motions for its own benefit."  960 F.3d at 1195–96.  Following this ruling, on May 27, 2021, Albert-Sheridan again asked Green and the Client Defendants to file a Satisfaction of Judgment as to the sanctions award and record it with the County Recorder or otherwise rescind the Abstract of Judgment.  (Adversary Compl. ¶ 37.)  The next day, Green's attorney responded to Albert-Sheridan, refusing to do so and setting forth his position that "the underlying

---

[1] In Chapter 13 bankruptcy, debtors with wages or other regular income discharge their debts by making installment payments to creditors over three to five years.  11 U.S.C. §§ 1321–1330.  In Chapter 7 bankruptcy, a debtor's assets are liquidated to satisfy the claims of creditors, 11 U.S.C. §§ 721–728.

1  lien (Abstract of Judgement [sic]) is not nullified unless expressly ordered by the
2  Bankruptcy Court."  (*Id.* Ex. A.)

3       On May 31, 2021, Albert-Sheridan brought an adversary proceeding against
4  Green and the Client Defendants (herein, "Appellees"), seeking (1) declaratory relief
5  and (2) relief for violation of the automatic bankruptcy stay and the discharge
6  injunction. Albert-Sheridan's Adversary Complaint centers on two principal wrongs
7  Appellees allegedly committed.   First, Albert-Sheridan alleged that Appellees
8  wrongfully filed the Proof of Claim in the bankruptcy proceeding, not only because
9  the stated amount of the claim was incorrect and inflated, (*id.* ¶ 83), but also because
10  they filed the Proof of Claim "merely to harass Plaintiff and make it appear that the
11  'sanctions' were for bad faith conduct and not civil discovery sanctions," (*id.* ¶ 62).
12  Albert-Sheridan sought an order requiring Appellees to withdraw the Proof of Claim,
13  as well as compensatory and punitive damages.  (*Id.*  ¶¶ 63(c), 74–81.)

14       Second, Albert-Sheridan alleged that the discharge order of the bankruptcy
15  court operated to discharge the Judgment and accordingly required Appellees to
16  (1) file a Satisfaction of Judgment in the court that issued the sanction orders (the
17  Orange County Superior Court) and (2) record it with the Orange County Recorder's
18  office or otherwise rescind or release the Abstract of Judgment Appellees had filed
19  there.  (*Id.*¶ 63.)  Albert-Sheridan sought a declaration that, to the extent the Abstract
20  of Judgment constitutes a judgment lien, the lien is void; she also sought an injunction
21  requiring Appellees to file a Satisfaction of Judgment in the Orange County Superior
22  Court and record it in the Orange County Recorder's office. (*Id.* ¶¶ 63(b), (c), 65.)

23       On July 6, 2021, Green filed, in the adversary proceeding, a Motion to Dismiss
24  pursuant to Rule 12(b)(6), arguing that Albert-Sheridan failed to state a claim upon
25  which relief could be granted and that her Complaint should be dismissed with
26  prejudice.  Albert-Sheridan opposed.  (Adv. Order 3.)

27       The court granted Green's Motion as to both her claims.  First, it found
28  declaratory relief "unnecessary," citing *In re Kenney*, No. 1:10-bk-11635-GM,

2018 WL 6039094, at *2 (Bankr. C.D. Cal. Nov. 16, 2018), and other cases that reached the same result on similar facts. (Adv. Order 6.) It reasoned that, accepting Albert-Sheridan's allegations as true, the fact that she owned no real property in Orange County at the time the Abstract of Judgment was recorded meant that "any purported lien sought to be avoided by Albert simply does not exist . . . . [I]f there is no lien, there is nothing for her to avoid." (*Id.*) Furthermore, the court found no authority to support Albert-Sheridan's "assertion that creditors have an affirmative duty to withdraw a pre-petition abstract of judgment and vacate judgment orders after a petition has been filed or a discharge has been entered," nor any authority to "demonstrate that the filing of a proof of claim could be a violation of the automatic stay or discharge injunction." (*Id.* at 7.) The court found that these defects could not be saved by amendment and dismissed the entire Adversary Complaint without leave to amend. (*Id.*) Furthermore, it found the grounds for dismissal applicable to all Defendants in the adversary proceeding and dismissed the entire Adversary Complaint pursuant to *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). (*Id.* at 8.)

**D.    Appeal**

On August 25, 2021, Albert-Sheridan filed her Notice of Appeal in this Court, naming all Defendants as Appellees. On October 1, 2021, she filed her opening brief. Appellees did not oppose or otherwise appear, and on December 1, 2021, the Court ordered Albert-Sheridan to file additional documents confirming that Appellees were on notice of this appeal. (Min. Order, ECF No. 10.) That same day, Albert-Sheridan filed additional proofs of service and declarations regarding service and notice on Appellees. (ECF Nos. 11–17.)

## III.    ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court erred in dismissing Albert-Sheridan's Complaint against Appellees in the adversary proceeding. The structure of Albert-Sheridan's brief and arguments suggest four areas of inquiry: (1) Can Albert-Sheridan obtain a declaration requiring Appellees to file a Satisfaction of Judgment or

1  other related relief?  (2) Can Albert-Sheridan obtain a declaration requiring Appellees
2  to rescind the Abstract of Judgment in the county recorder's office or other related
3  relief?  (3) Can Albert-Sheridan obtain relief for Appellees having filed a Proof of
4  Claim in the bankruptcy proceedings? and (4) Is Albert-Sheridan entitled to leave to
5  amend?

## IV.   JURISDICTION AND STANDARDS OF REVIEW

7  The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 158(a)
8  and is sitting as a single-judge court of appeal.  The traditional appellate review
9  standards apply.  The Court reviews the bankruptcy court's conclusions of law
10  de novo and its factual findings for clear error.  *In re Salazar*, 430 F.3d 992, 994
11  (9th Cir. 2005).  In particular, the district court reviews the bankruptcy court's order
12  granting Defendants' Rule 12(b)(6) to dismiss with prejudice de novo.  *I.R.S. v.*
13  *Snyder*, 343 F.3d 1171, 1174 (9th Cir. 2003); *see also In re EPD Inv. Co., LLC*,
14  523 B.R. 680, 684 (B.A.P. 9th Cir. 2015) ("The bankruptcy court's dismissal of an
15  adversary complaint for failure to state a claim under Civil Rule 12(b)(6) is reviewed
16  de novo.").

17  A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable
18  legal theory or insufficient facts pleaded to support an otherwise cognizable legal
19  theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To
20  survive a dismissal motion, a complaint need only satisfy the minimal notice pleading
21  requirements of Rule 8(a)(2) by setting forth a short and plain statement of the claim.
22  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be
23  enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*
24  *Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
25  (holding that a claim must be "plausible on its face" to avoid dismissal).

26  The determination of whether a complaint satisfies the plausibility standard is a
27  "context-specific task that requires the reviewing court to draw on its judicial
28  experience and common sense." *Iqbal*, 556 U.S. at 679.  A court is generally limited

to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

Where a trial court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("[Leave to amend] is properly denied . . . if amendment would be futile.").

## V. DISCUSSION

As a preliminary matter, having reviewed the supplemental proofs of service and declarations Albert-Sheridan filed on December 1, 2021, the Court finds Albert-Sheridan's demonstration of service on and notice to Appellees to be sufficient and proceeds to the merits of the appeal. For the following reasons, the Court finds that Albert-Sheridan fails to state a claim in her Adversary Complaint and accordingly affirms the dismissal of the Adversary Complaint.

**A. Albert-Sheridan alleged nothing giving rise to relief with regard to the Abstract of Judgment in the Orange County Recorder's Office.**

First, even when viewing the allegations in Adversary Complaint in the light most favorable to Albert-Sheridan, the Court finds no validly stated claim for relief with respect to the Abstract of Judgment. The following general background regarding abstracts of judgment is helpful:

> [A]n abstract of judgment is recorded by the prevailing party after a court has awarded judgment and it attaches to all of the losing party's ownership interests in real property in the county in which the abstract is recorded. It makes the judgment creditor a secured creditor and, by

statute, can be extinguished only by the recording of an acknowledgment of satisfaction of the underlying judgment or by the judgment creditor's release of the lien.

*Federal Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1070 (1993) (citations omitted).  Moreover, "[s]ection 697.340(b) of the California Code of Civil Procedure provides that, if any real property is acquired after the judgment lien is recorded, the judgment lien attaches to the property at the time it is acquired."  *In re Baker*, 217 B.R. 609, 613 (Bankr. N.D. Cal. 1998).  However, when a property lien, including an abstract of judgment, has been recorded, and the debtor never owns any property, the lien never exists in the first place, because it lacks an underlying attachable *res*.  *In re Kenney*, 2018 WL 6039094, at *2 ("[T]his result is consistent with the definition of 'lien' under the California Code of Civil Procedure: '[a] lien is a charge imposed upon <u>specific property</u>, by which it is made security for the performance of an act.'" (citing Cal. Civ. Proc. Code § 1180)); *In re Thomas*, 102 B.R. 199, 201 (Bankr. E.D. Cal. 1989) ("[A] lien cannot exist in the absence of an underlying attachable 'res.'").

Here, Albert-Sheridan alleged that she is entitled to monetary and declaratory relief arising from Defendants' refusal to file Satisfactions of Judgment and to rescind the Abstract of Judgment filed in the county recorder's office.  Albert-Sheridan argues that these refusals, along with Defendants' assertion that the lien was not discharged in bankruptcy, amount to a wrongful attempt to collect on the lien.

The Court rejects this argument, given Albert-Sheridan's own allegation that she owned no property at the time the case was filed and the case law providing that a lien does not exist in the absence of attachable property or other *res*.  *Kenney*, 2018 WL 6039094, at *2; *see In re Davis*, No. 07-00622, 2007 WL 2710403, at *3 (Bankr. D. Idaho Sept. 13, 2007) ("Debtors' attempt to avoid judicial liens that do not yet exist on property they do not yet own is not authorized by the Code."); *cf. Baker*, 217 B.R. at 613 ("A lien may not 'survive' bankruptcy unless it first exists.").  As

alleged, the judgment lien never existed at any point, because Albert-Sheridan never owned property in Orange County at any point. Future developments in Albert-Sheridan's bankruptcy proceedings could have done nothing to alter a nonexistent lien, and accordingly, there is nothing to declare with respect to the bankruptcy proceedings' effect on the lien. If Albert-Sheridan were to acquire property in Orange County now or in the future and Appellees were to attempt to collect against that property, as the bankruptcy court pointed out, Appellees "could be subject to sanctions" because their behavior would violate the bankruptcy discharge order.[2] (Adv. Order 6 (citing *Kenney*, 2018 WL 6039094, at *2).)

It is for this reason that Albert-Sheridan's concerns about the lien "springing back to life" appear unfounded. As Albert-Sheridan's own citation to *In re Wagabaza*, 582 B.R. 486, 501 n.16 (Bankr. C.D. Cal. 2018) indicates, "[a]fter the obligation manifested by the judgment is discharged"—as Albert-Sheridan argues happened here as a result of her bankruptcy—"the abstract has no effect on after-acquired property because the underlying debt no longer exists." *Accord Local Loan Co. v. Hunt*, 292 U.S. 234, 243 (1934) ("[I]t logically cannot be supposed that the [Bankruptcy] [A]ct nevertheless intended to keep such debts alive for the purpose of permitting the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, preexisting property.").

**B.    Albert-Sheridan alleged nothing giving rise to relief with regard to the Judgment of the Orange County Superior Court.**

Moreover, nothing Albert-Sheridan alleged in the Adversary Complaint suggests she is entitled to an injunction requiring Defendants to file Satisfactions of

---

[2] As noted, Green's counsel, in his letter to Albert-Sheridan, insisted that the "underlying lien (Abstract of [Judgment]) is not nullified unless expressly ordered by the Bankruptcy Court." (Compl. Ex. A.) While this assertion could have been more clearly drafted, it is technically correct and is not at odds with the Court's analysis. The discharge of Albert-Sheridan's debts in bankruptcy did not nullify the "underlying lien" because there was never any underlying lien to nullify.

Judgment in the Orange County Superior Court.  The bankruptcy court found no law, and Albert-Sheridan presently cites no law, suggesting that parties possessing properly obtained judgments that have been discharged in bankruptcy are in violation of discharge orders or substantive bankruptcy law by innocent inaction, such as by failing to file a Satisfaction of Judgment.  The case *In re Achterberg*, 573 B.R. 819 (Bankr. E.D. Cal. 2017), cited by Albert-Sheridan, is not apposite because in that case the void judgment, a default judgment, was itself obtained in violation of an automatic bankruptcy stay.  573 B.R. at 824.  That is, the automatic stay was already in place when the defendant obtained the void judgment, and the *Achterberg* court focused its analysis on the wrongfulness of failing to vacate a judgment that the defendants knew was wrongfully obtained and entered from the outset.  *Id.* at 830 ("Defendant knowingly obtained a default judgment against Plaintiff-Debtors in February 2009, which occurred after commencement of the Plaintiff-Debtor's bankruptcy case in December 2008. . . . What Defendant admits is that it had full knowledge of the bankruptcy case by the time it received the [void judgment].").  Here, by contrast, Albert-Sheridan does not contend that the $5,738 Judgment itself was wrongfully obtained or entered.  Instead, she contends that the Judgment later became void as a result of discharge in bankruptcy, and that as a result, Appellees were obligated to act.  As this contention finds no support in case law, the Court finds that Albert-Sheridan failed to allege entitlement to an injunction requiring Defendants to file Satisfactions of Judgment.

**C.     Albert-Sheridan alleged nothing giving rise to relief with regard to the Proof of Claim Appellees asserted against Albert-Sheridan.**

Albert-Sheridan also alleged that the filing of the incorrect Proof of Claim in the bankruptcy proceedings was a violation of the automatic stay and the discharge injunction.

On appeal, Albert-Sheridan presents no authority confirming that the filing of a proof of claim in a bankruptcy proceeding, in and of itself, entitles the bankrupt

1    plaintiff to declaratory relief or monetary damages for Appellees' violation of the

2    bankruptcy stay.    Albert-Sheridan cites *In re Hager*, 510 B.R. 131 (Bankr. W.D.

3    Mich. 2014), but that case is inapposite for the simple reason that the creditor in that

4    case actually attempted to collect the debt after it had been discharged in bankruptcy

5    by filing a lawsuit against the debtor.  510 B.R. at 132.  The court ordered the creditor

6    to file a partial satisfaction of judgment in the lawsuit indicating that the debt that

7    arose prepetition was discharged.  *Id.* at 139–40.  Here, by contrast, Appellees have

8    not filed a lawsuit or other action to collect on the sanction, so the remedies and

9    holding in *Hager* do not apply.

10        Moreover, as the bankruptcy court observed, filing a proof of claim is a routine

11   part of bankruptcy proceedings and is the way a party asserts a claim to a bankruptcy

12   estate, and if the mere filing of a proof of claim constituted a violation of an automatic

13   stay, bankruptcy proceedings would be highly burdensome.  (Adv. Order 7.)

14        Additionally and alternatively, the litigation privilege would likely operate to

15   bar Albert-Sheridan's claims to the extent they are based on the mere filing of

16   documents in a court case.   *In re Cedar Funding, Inc.*, 419 B.R. 807, 825 (B.A.P.

17   9th Cir. 2009) ("A bankruptcy proceeding is a judicial proceeding within the scope of

18   California's litigation privilege.").   This observation applies to the inflated dollar

19   amount of the claim as much as to the very act of filing the Proof of Claim.  Neither of

20   these actions can form the basis of a claim because both are protected by the litigation

21   privilege.

22        For these reasons, Albert-Sheridan failed to state a claim for relief, such that

23   granting Appellees' Motion and dismissing Albert-Sheridan's Adversary Complaint

24   was appropriate.[3]

25   ─────────────────────

26   [3] Sections IV.A, B, and C of this Order describe why Albert-Sheridan's contentions and demands for
     relief fail as a matter of law, without particular regard to the exact claim or cause of action under
27   which the contention or demand was made.  As an additional, alternative basis for dismissal of part
     of the second claim, the Court notes that "[a]lthough a discharge under § 524 provides broad
28   injunctive and declaratory relief, it does not create a private right of action for damages arising from
     its violation."  *Hager*, 510 B.R. at 136; *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir.

1   **D.      Granting leave to amend would be futile.**

2          The final issue is whether it is appropriate to provide Albert-Sheridan leave to

3   amend.    When Appellees moved to dismiss in bankruptcy court, they requested

4   dismissal without leave to amend, (ER Tab No. 6 ("Mot. Dismiss.") 9), and in

5   opposing the motion to dismiss, Albert-Sheridan offered no suggestions regarding

6   how she might amend her complaint to state a claim.  (ER Tab No. 7 ("Opp'n Mot.

7   Dismiss").)  She likewise makes no such suggestion now.  (*See generally* Br.)  It is the

8   initial burden of the pleading party to "demonstrat[e] a legitimate reason for

9   amendment,"  *In re Zetta Jet USA, Inc.*, 624 B.R. 461, 511 (Bankr. C.D. Cal. 2020)

10  (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), and Albert-Sheridan does not meet

11  this burden.

12         Additionally, as discussed, Albert-Sheridan's claims fail as a matter of law

13  based on the allegations she set forth.   Amendment would be futile because any

14  amendment would necessarily be inconsistent with allegations previously asserted or

15  would constitute an entirely different lawsuit altogether.  Leave to amend is properly

16  denied.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28  2002).  Thus, Albert-Sheridan cannot obtain any relief for violation of the discharge order, no matter
    what the facts supporting that violation may be.

12

## VI.    CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court in the adversary proceeding is **AFFIRMED**.  (ECF Nos. 1, 7.)  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 13, 2022

_____
                                    **OTIS D. WRIGHT, II**
                        **UNITED STATES DISTRICT JUDGE**